UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DESHON HOLLOWAY,

                            Plaintiff,         9:05-CV-0501
                                                     (GLS)(RFT)

        v.

DONALD SELSKY, Director of Special Housing;
THOMAS RICKS, Superintendent; JOHN DONELLI,
Deputy Superintendent; and CURTIS DROWN,
Commissioner Hearing Officer,

                            Defendants.

---

APPEARANCES:

DESHON HOLLOWAY
Plaintiff, *pro se*

GARY L. SHARPE, U.S. District Judge

**DECISION AND ORDER**

**I.    Background.**

By Order filed on May 20, 2005, the Court determined that the civil rights Complaint submitted by Plaintiff, Deshon Holloway, was properly filed with the Court. Dkt. No. 4. Presently before the Court is an Amended Complaint submitted by Plaintiff.[1] Dkt. No. 16.

Because the pleading submitted by Plaintiff fails to satisfy the basic pleading requirements established by the Federal Rules of Civil Procedure, the Amended Complaint will be stricken from the docket of this action.

**II.    Discussion.**

    (A)    Rules Governing Pleading Requirements.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the

---

[1] Plaintiff's Amended Complaint was filed as of right pursuant to Rule 15.1(a) of the Federal Rules of Civil Procedure.

pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).  The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (*quoting Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.) (other citations omitted)).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b)  Paragraphs; Separate Statements.**  All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading ...."  *Sandler v. Capanna*, No. 92-4838, 1992 WL 392597, *3 (E.D.Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the Court to assess the sufficiency of plaintiff's claims, and may properly be dismissed by the Court.  *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, C.J.).  As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power to, on its own initiative, ... dismiss the complaint."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well

disguised." *Hudson*, 1998 WL 832708, *2 (citation omitted).  In those cases in which the Court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous.  *See Simmons II v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

(B)     Allegations Contained in the Complaint.

A review of the Amended Complaint reveals that it clearly fails to satisfy the requirements of the above-mentioned Federal Rules.  It appears that Plaintiff is alleging, *inter alia*, due process violations, false misbehavior reports, use of excessive force, and denial of adequate nutrition.  Dkt. No. 16.

Far from being "short and plain," however, Plaintiff's Amended Complaint consists of fifty-six (56) pages setting forth claims against the original four Defendants to this action plus an additional twenty-seven (27) Defendants.  Plaintiff has failed to set out a **short, plain** statement of facts.  "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."  *Politico v. Promus Hotels, Inc.*, 184 F.R.D. 232, 233 (E.D.N.Y. 1999) (citation omitted).  "The complaint should not plead evidence."  *Id.*

Moreover, each page is entirely covered in single-spaced handwriting that at times is nearly impossible to decipher.  Plaintiff is advised that the Local Rules of the Northern District of New York require that every paper filed with the Court be "plainly and legibly written, typewritten, printed or reproduced."  Local Rule 10.1.  The names of the various Defendants are particularly difficult to decipher; the Court at times can only guess at the proper spelling.  As a result, it would be a very difficult task for the U.S. Marshals Service to effectuate service of the Amended Complaint.

Finally, Plaintiff names several Defendants in their supervisory capacity alone; he does not

allege that they were involved in the alleged wrongdoing.[2]  It is well settled that the personal involvement of a defendant is a prerequisite for the assessment of damages in a section 1983 action, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978), and that the doctrine of respondeat superior is inapplicable to section 1983 claims.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973).  In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant can be personally involved in a constitutional deprivation.  A supervisory official is said to have been personally involved if that official directly participated in the infraction.  *Id*.  A supervisory official is said to have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong.  *Id*.  Personal involvement of a supervisory official is said to exist if he or she created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue.  *Id*.  Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event.  *Id*.

In sum, the Amended Complaint, as drafted, fails to comply with the pleading requirements of the Federal Rules of Civil Procedure and is not susceptible of a meaningful response by the defendants.  Accordingly, the Amended Complaint will be stricken from the docket and Defendants will be directed to respond to Plaintiff's original Complaint.  Since Plaintiff is only permitted to amend **once** as of right pursuant to Fed. R. Civ. P. 15(a), any future attempt to amend must be by permission; the Plaintiff would need to submit a motion to amend, accompanied by a complete proposed amended complaint, which complies fully with Rule 7.1 of the Local Rules of Practice of

---

[2] For example, Plaintiff names George Pataki, Governor; Glenn Goord, Commissioner of the Department of Corrections; and Roy Girdich, Superintendent of Upstate Correctional Facility.

the Northern District of New York.

WHEREFORE, it is hereby

ORDERED, that the Clerk strike the Amended Complaint (Dkt. No. 16) from the docket in this action, and it is further

ORDERED, that the stay previously issued (Dkt. No. 18) is lifted and Defendants are directed to respond to Plaintiff's original Complaint (Dkt. No. 1) within thirty (30) days of the filing date of this Order, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated:        January 17, 2006
              Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge